[Filed May 24, 1888.]

MARGERY HERBERGER, Respondent, *v.* JOHN HER-
BERGER, Appellant.

DIVORCE — CRUEL AND INHUMAN TREATMENT. — Divorce granted where it appeared that on one occasion defendant forcibly ejected plaintiff from his bed, and afterwards used violence upon her person, and on one or two other occasions used violence towards her, and that he accused her of adultery, and unsuccessfully attempted to prove upon the trial that she was guilty of the accusation.

EVIDENCE — ADULTERY — WHAT NOT SUFFICIENT. — Proof that the persons accused of adultery, a niece and uncle, maintained the usual and common amenities between like relations in their condition and situation, and had opportunities and might have committed the crime, is not sufficient to establish it. Where circumstances are relied upon they should lead to the conclusion of adulterous intercourse as a necessary conclusion.

APPEAL from Grant County.    Affirmed.

*C. A. Sweek, Clifford & Williams,* and *Ramsey & Bingham,*
for Appellant.

The testimony in the case is clearly insufficient. Whether the acts constitute cruelty depends on the circumstances, the *animus,* and the sensitiveness of plaintiff. (*Adams* v. *Adams,* 12 Or. 180.) An assault or slap of the hand in a single instance, occasional turbulence, rudeness of language, etc., insufficient. (1 Bishop on Marriage and Divorce, § 747; *Morris* v. *Morris,* 14 Cal. 76; 73 Am. Dec. 615.) To establish adultery, direct evidence is not necessary. Circumstances which combined tend

to establish lustful disposition of the parties, and the opportunity to commit the act, are sufficient. (Abbott's Trial Evidence, 744; *Westmeath* v. *Westmeath,* 2 Eng. Ecc. 438; *Inskeep* v. *Inskeep,* 5 Clarke, 204; *Taylor* v. *Taylor,* 11 Or. 303.) This case is similar to *Boon* v. *Boon,* 12 Or. 437.

*Richard Williams,* for Respondent.

STRAHAN, J.—This is a suit for a divorce, and for such further relief as may be incident thereto. The main causes relied upon by the plaintiff are cruelty and personal indignities rendering her life burdensome. I think it sufficiently appears from the evidence that on one occasion the defendant used force in ejecting the plaintiff from his bed; that he followed her out and used some violence upon her person afterwards, and that he was very angry at the time. It also appears that on one or two other occasions the defendant used violence toward the plaintiff. The accusations of adultery seem to be very fully established. In fact, it is admitted by the answer that the defendant accused the plaintiff of the crime of adultery; but it is added in mitigation that he did so by way of remonstrance. But aside from the admission contained in the answer, the defendant undertook to prove upon the trial that the plaintiff had been guilty of adultery with her uncle, one B. C. Trowbridge. To this one point the greater portion of the defendant's evidence was directed. A somewhat careful review of all of the evidence does not lead to this conclusion; but on the contrary, it only tends to prove and establish that these parties kept up and maintained the usual and common amenities of social life between like relations in their condition and situation. Because they were sociable the court will not presume evil, and because they had the opportunity and might have committed adultery, there is no presumption that they did. The presumptions are the other way. The law will not presume that these parties violated the criminal statutes of the State, and transcended their social duties, or were guilty of any wrong. He who alleges it must prove it; opportunity alone will not suffice. (*Pollock* v. *Pollock,* 71 N. Y. 137.) Of course, direct proof is rarely attainable, and is not

Points decided.

necessary; but where circumstances are relied upon they ought to be such as to lead to the conclusions of the adulterous intercourse, not only by fair inference, but as a necessary conclusion. Appearances equally capable of two interpretations, one an innocent one, will not justify the presumption of guilt. (*Pollock* v. *Pollock, supra.*) But in this case there is not enough to require the rule to be invoked. There is nothing but the vaguest, and so far as appears, the most unreasonable and groundless suspicion. This case clearly falls within *Smith* v. *Smith*, 8 Or. 100, and *McMahon* v. *McMahon*, 9 Or. 525.

The decree of the court below must therefore be affirmed.