[No. 18003.    Department Two.    December 7, 1923.]

WILLIAM N. MAY, *as Receiver of Puyallup & Sumner Fruit Growers Canning Company, Respondent,* v. PUYALLUP STATE BANK, *Appellant.*[1]

BANKS AND BANKING (22)—DEPOSITS—APPLICATION TO DEBTS OR SET-OFF BY BANK—CONTRACT WITH DEPOSITOR. Where, upon the opening of a new bank account in a new name, by one who was put in charge (and was later appointed receiver) of an insolvent corporation having an account with the bank, the bank agreed, in consideration of receiving some of the new business, to keep the accounts separate and claim no off-set against the funds in the new account, it cannot off-set, against the insolvent's liability, the amount of deposits in such new account made on behalf of the insolvent by the receiver prior to his appointment.

Appeal from a judgment of the superior court for Pierce county, Chapman, J., entered December 11, 1922, upon findings in favor of the plaintiff, in an action to recover a bank deposit, tried to the court. Affirmed.

*Grosscup & Morrow* and *Chas. A. Wallace,* for appellant.

*McMillan & Murray* and *Hayden, Langhorne & Metzger,* for respondent.

MITCHELL, J.—A meeting of the principal creditors, including the Puyallup State Bank, of the Puyallup & Sumner Fruit Growers Canning Company was held on June 18, 1921, to consider the affairs of the company, which were then in an embarrassed, precarious condition, upon an accountant's report to the meeting on the affairs of the company. The canning company was present and participated in the meeting. It was agreed at the conference that Mr. May, who was present and later appointed receiver of the company, should "go out there and take charge of the assets, funds

[1]Reported in 220 Pac. 762.

and inventory of the company.'' Mr. May did so at once, and continued in immediate charge as such representative until March 20, 1922, when he was appointed and qualified as receiver of the company, by order of the United States district court for the western district of Washington, southern division.

On taking charge of the company's affairs in June, 1921, he opened a new account with the bank and continued to do business with it thereafter until he qualified as receiver, at which latter date there was on deposit in the bank to the credit of the company in its new account $6,202.13, which amount the receiver demanded payment of by the bank. The bank refused payment and instead applied the whole of the amount upon an indebtedness to the bank in a much larger sum that had been incurred by the canning company prior to the opening of the new account in June, 1921. The receiver sued and recovered judgment for the full amount, with interest. The bank has appealed.

We think the judgment must be affirmed. Appellant's contention is that, some months after the new account was opened, a Mr. Braddock, who upon the records of the canning company was its treasurer, directed the bank to change the account back to the name of the canning company, that the bank did so upon its books, and that thereafter it received the funds or deposits that were on hand when the receiver was appointed, and that it had the right to offset them against the old indebtedness of the insolvent canning company. The argument overlooks the relations of the parties and the control of the company's affairs from the time the new account was opened down until the receiver was appointed. When Mr. May took charge in June, 1921, the bank desired at least a part of his business, which he was willing to give provided

new funds should be kept entirely free from the company's old debts. Accordingly the parties entered into a written agreement as follows:

"Puyallup State Bank,                    "June 20, 1921.
    "Puyallup.
    "Gentlemen:   Referring to W. H. Paulhamus and Wm. N. May account, until further directions from the undersigned you will please debit this account with all checks of the Puyallup and Sumner Fruit Growers' Canning Co. numbered subsequent to 3613 and initialed by me, also pay roll checks from 8669.
                                        "Yours truly,
                                            "Wm. N. May.
    "We acknowledge receipt of the foregoing notice, and in consideration of the present situation of the Puyallup and Sumner Fruit Growers' Canning Co., and other considerations, we agree that no part of the monies deposited in the W. H. Paulhamus and Wm. N. May account shall be used, held or applied as an offset or credit upon the indebtedness of said canning company to us, and that we shall claim no lien upon the monies deposited to the W. H. Paulhamus and Wm. N. May account on account of the indebtedness of said canning company.   Puyallup State Bank,
                        "By J. M. Jones, Cashier."

Thereupon the new account, in a new name, was opened and a new pass book furnished by the bank. So far as these funds were concerned they were not to be controlled by the canning company as such, but by Mr. May as a representative of that company and its creditors, including the bank, by their agreement therefor.   For that reason Mr. Braddock, although appearing as treasurer upon the records of the company, had no authority to direct or authorize the bank to change the account upon the books of the bank back into the name of the canning company.   He was acting merely in a clerical capacity under Mr. May, who gave him no authority to give the bank any such directions.   It

is pretty clear from the evidence that Mr. May did not know the bank had changed the account back to the canning company on its books until after he was appointed receiver; and it is equally clear that the pass book for the new account was not taken up but was used in crediting all deposits until Mr. May was formally appointed receiver.

It is true, as argued by the appellant, that shortly after the bank changed the account, on its books only, back to the name of the canning company, Mr. May discontinued the practice of putting his initials on checks drawn on the bank. This, however, was clearly explained by showing that the original purpose of his initials on checks was precautionary, that is, to prevent preferences to some creditors thought by some to have theretofore been given by the canning company, and that the necessity for such precaution ceased during Mr. May's control, after the creditors at a general meeting for that purpose chose other parties to sign checks, May's initials on them being no longer required.

The situation was one wherein, to turn aside if possible impending disaster, the canning company, with its creditors' consent, temporarily surrendered control of its operations and future collections to a new management that continued until a receiver was appointed. The new parties placed Mr. May in immediate control, and in the performance of his duties he made the contract in question. The bank was one of the creditors who assisted in placing Mr. May in control and knew that he continued as such. At the trial of the case, Mr. Jones, the cashier of the bank, testified that Mr. May continued in a supervising capacity from June 20, 1921, until he was appointed receiver, superintending the disbursement and withdrawal of money, and that he went out there with the

acquiescence of the bank in that capacity, and that he made the agreement with the bank in consideration of its promise not to claim any offset.

Under its contract, the bank held the money involved in this suit without any such right of set-off as it attempted to exercise.

Affirmed.

MAIN, C. J., FULLERTON, BRIDGES, and PEMBERTON, JJ., concur.