Argued October 7; reversed October 19; rehearing denied
December 21, 1937

## DIETZ *v.* DIETZ
(72 P. (2d) 60)

Department 1.

*Elton Watkins*, of Portland (Andrew Hansen, of Portland, on the brief), for appellant.

*Roscoe P. Hurst*, of Portland, for respondent.

BELT, J. Plaintiff seeks to obtain a divorce decree against his wife on the statutory ground of cruel and inhuman treatment. There are 19 specifications of wrongful acts, most of them trival, which plaintiff avers renders his life burdensome. The principal grievance of the plaintiff is that defendant charged him with improper and intimate relations with other women. In the answer of defendant she admits having accused plaintiff of "undue familiarity with different women" and that on one occasion she asked him "what he was doing with the $35.00 per month he was withholding from the bank account" and he informed her that "he

was keeping a woman". Every other charge of cruelty is denied by defendant and she prays for a dismissal of the suit.

The trial court found that plaintiff had not, by the greater weight of the evidence, sustained a cause of suit and therefore dismissed the case. From the decree of dismissal, plaintiff appeals.

Plaintiff and the defendant were married on November 7, 1931. Plaintiff, who is 61 years of age, has been a mail carrier in the city of Portland for the past 27 years. He is generally known to be a quiet, unassuming, trustworthy man, who goes about his business with such regularity that the neighbors often set their clocks when he goes to and from his daily work. The wife is apparently a good woman, but we think the record discloses that she is constantly nagging her husband. What she terms an "intuition" about her husband's improper relations with other women appears to be nothing more than groundless suspicion. The charges she has made against him in that respect are undoubtedly false. It is certain that such baseless charges render the life of plaintiff burdensome and constitute a ground for divorce. *McCallister v. McCallister*, 113 Or. 124 (229 P. 687); *Vinson v. Vinson*, 111 Or. 634 (226 P. 233); *Herberger v. Herberger*, 16 Or. 327 (14 P. 70); *Smith v. Smith*, 8 Or. 100.

Defendant having failed to establish the truth of her charges by any substantial evidence, it is idle for her at this time to contend that she did not intend to charge plaintiff with having committed adultery and that she only meant that he was indiscreet with other women. Her testimony is replete with insinuations of improper relations with other women. It would not add to the glory of the profession to set forth the evidence in reference thereto.

There are no children involved. It is certain that these parties cannot live together in happiness as they have no love or affection for each other. Under the circumstances the best interests of society and of the parties themselves will, in our opinion, be best subserved by dissolving the marital relation.

The decree of the lower court is reversed and the cause remanded with directions to enter a decree of divorce in favor of plaintiff.

Neither party will recover costs or disbursements.

BEAN, C. J., and ROSSMAN and KELLY, JJ., concur.