Argued May 23, affirmed July 6, 1951

# LOEHR *v.* LOEHR

233 P. 2d 765

*Orval N. Thompson,* of Albany, argued the cause for appellant. On the brief were Weatherford & Thompson, of Albany.

*Frank J. Healy,* of Salem, argued the cause and filed a brief for respondent.

Before BRAND, Chief Justice, and ROSSMAN, LATOURETTE and TOOZE, Justices.

ROSSMAN, J.

This is an appeal by the defendant from a decree of the Circuit Court which (1) dissolved the bonds of matrimony between the plaintiff [wife] and defendant

[husband]; (2) adjudicated the property rights of the parties; (3) awarded to the plaintiff permanent alimony in the amount of $100 monthly; and (4) made an award to the plaintiff of $200 as compensation for her attorney.

January 3, 1943, when the plaintiff was 43 and the defendant 49 years of age, they married. The plaintiff had never been married before, but the defendant had had two previous marriages, one of which terminated in a divorce. No children were born of the union between the plaintiff and the defendant. The plaintiff is highly educated and holds the degrees of Bachelor of Science and Master of Arts which were conferred upon her by one of the nation's leading universities. Prior to her marriage, the plaintiff was a member of the faculty of one of this state's educational institutions. The defendant is the owner of an office supply business.

Approximately six years after their marriage, the plaintiff instituted this suit for a divorce upon charges of cruel and inhuman treatment. The answer, after denial of the plaintiff's charges, set up by cross-complaint similar charges against the plaintiff as the basis for relief for the defendant consisting of a divorce and adjudication of property rights. One of the charges made by the answer against the plaintiff follows:

"That the plaintiff was extremely jealous of the defendant and without cause or provocation frequently and continuously accused him of improper conduct with other women including the daughter of defendant."

The reply denied the defendant's charges, including the one just quoted.

During the trial, the parties testified in support of their respective charges. The testimony given by the plaintiff was corroborated by her mother, for whom the defendant had during his marriage manifested marked liking and respect. If this testimony is true— and the trial judge evidently subscribed to its verity— the defendant is an irascible person who employed toward his wife a course of treatment which he must have known would lead to disaster. Some of the testimony attributed to him misconduct which can properly be described as malicious, if not diabolical. Some of it was not denied by the defendant. Possibly in an effort to ameliorate, the defendant swore that when he was 17 years of age he became the victim of an injury which has rendered it difficult for him to be composed when he is under strain or stress or is hungry. We feel certain that the trial judge took that explanation into account when he analyzed the situation revealed by the evidence. The record indicates that some of the misconduct attributed to the defendant occurred when he was alone or when he was partaking of his meals.

The defendant rested his case upon his own testimony. According to him, his wife was the cause of the unfortunate episodes which led to the filing of this suit. If we correctly interpret his testimony, he deemed his wife mercenary, jealous, non-cooperative and unsympathetic with his efforts to develop his business. He complained about some of the meals which she prepared for him and, in support of the averment which we quoted from the answer, testified:

"On several occasions she asked me if there was another woman that I was interested in and on one occasion when I went to Seattle to help my daughter, she accused me of sleeping with my daughter, and when I mentioned a certain member of the faculty

up here was a very fine musician and that I enjoyed hearing her play the piano very much, she asked me how many times I had slept with her.''

The defendant did not testify that the purported accusations were false, and there is no claim that the plaintiff voiced them in the presence of any third person. Nor is there any evidence that the alleged words had any deleterious effect upon the defendant except his general testimony that he suffered ill consequences from her purported course of conduct. The plaintiff did not deny that she made the statements attributed to her by the testimony just quoted, but her reply denies the charges which we quoted from the answer.

In *Hawley v. Hawley,* 101 Or. 649, 199 P. 589, it is said:

''It is maintained that the plaintiff's accusation and her failure to establish the same entitled the defendant to a divorce. In this, we cannot agree. The mere failure of plaintiff to prove the truth of her assertion does not establish the allegation of the cross-complaint. In our statement we have referred to the fact that the defendant filed a cross-complaint and sought affirmative relief, based upon the allegations contained in paragraph 20 of plaintiff's amended complaint and on plaintiff's testimony. The defendant must establish that allegation in his cross-complaint by the same degree of proof required of the plaintiff. In other words, before he is entitled to a divorce, he must establish to the satisfaction of the court by a clear preponderance of the evidence that the alleged charge of cruelty was false and made maliciously and without probable cause.''

See, to the same effect, *Vinson v. Vinson,* 111 Or. 634, 226 P. 233, and *Dietz v. Dietz,* 158 Or. 13, 72 P. 2d 60.

The following is taken from 27 C.J.S., Divorce § 28(b), at page 555:

"As a general rule, unfounded accusations of misconduct, tending to degrade and humiliate the accused spouse may warrant a divorce for cruelty. Accordingly, false charges of adultery made by either the husband or the wife maliciously and without probable cause ordinarily constitute legal cruelty; * * *."

According to 17 Am. Jur., Divorce and Separation, § 64, page 182:

"* * * There is good authority, especially in the modern cases, for the position that false and malicious charges of adultery made by a husband against his wife may constitute legal cruelty when made with persistency and under aggravating circumstances. There is, however, good authority for the view that mere charges of adultery made by either the husband or the wife against the other do not amount to cruelty. A fortiori, this view has been upheld where the charge was not made in bad faith. To support a charge of cruelty it must appear that the words were uttered without justifiable cause and for the purpose of inflicting pain. When they are uttered merely as a complaint against apparent misconduct or as the result of natural feelings excited by misconduct, they are insufficient to constitute cruelty."

See, to the same effect, Nelson, Divorce and Annulment, 2d Ed., § 6.22.

The plaintiff testified:

"Approximately a year before I filed suit for divorce, he was never at home an evening or a Sunday or a holiday, including Thanksgiving and Christmas before we filed suit, and he never told me where he was or what he was doing. He just simply was absent."

Conduct of that kind, obviously, excites suspicion. Prior to that time the defendant had adopted the practice of making most of his contributions to the home's maintenance by leaving money on the kitchen sink the morning after the parties had had sexual intercourse, thus indicating that he deemed his wife identic to a prostitute. We explain that at about the same time the defendant chose to eat his breakfast alone while standing at the sink, and that he also refused to converse with his wife upon the occasions when he ate dinner at home.

The defendant also saw fit before long to abandon the bedroom which he and his wife had occupied and sleep in the living room upon a couch. At the same time he placed his clothing in a traveling bag which he kept beside the couch and, in the words of the plaintiff, proceeded to live out of his suitcase, thus manifesting preparedness to quit the home at any moment.

A husband who pursues the course which the defendant took, and exhibits to his wife in their own home his familiarity with the practices of a brothel, affords her good cause for inferring that he has become faithless to his marriage vows. We cannot say that the plaintiff's charges were prompted by malice.

We have read the entire record with care and believe that the trial judge was warranted in sustaining the plaintiff's charges and in dismissing the defendant's. We think that the evidence shows that the defendant's cruel and unwarranted conduct had injurious effect upon the plaintiff's health.

We have examined carefully all of the contentions advanced by the defendant, but do not believe that they show that the Circuit Court committed error.

The decree of the Circuit Court is affirmed.